**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ERICA M.,                                      )
                                               )
        Plaintiff,                          )     No. 22-cv-0957
                                               )
           v.                              )     Magistrate Judge Susan E. Cox
                                               )
KILILO KIJAKAZI, Acting Commissioner           )
of the Social Security Administration,         )
                                               )
        Defendant.                          )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Erica M.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment (Dkt. 12) is granted and the Commissioner's motion for summary judgment (Dkt. 17) is denied. This matter is remanded for proceedings consistent with this opinion.

**I.    Background**

Plaintiff filed for disability insurance benefits on January 9, 2019, alleging a disability onset date of February 15, 2016. (Administrative Record ("R.") 15.) Plaintiff's application was denied initially and upon reconsideration. (*Id.*) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 16, 2020. (*Id.*) On July 2, 2021, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled as defined in the Social Security Act. (R. 15-32.) On December 21, 2021, the Appeals Council denied Plaintiff's request for review, (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the

---

[1]    In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]    Defendant filed a Response to Motion for Summary Judgment, which this Court construes as cross motions for summary judgment.

District Court under 42 U.S.C. § 405(g).  *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 416.920.  At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date through her date last insured of December 31, 2020.  (R. 18.)  At Step Two, the ALJ found Plaintiff had the severe impairments of degenerative disc disease with radiculopathy, coronary artery disease, and obstructive sleep apnea.[3]  (R. 18.)  At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1.  (R. 20.)  Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: she could only occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently reach in all directions including overhead with both upper extremities; frequently handle, finger, and feel with both upper extremities; able to tolerate occasional exposure to and could have occasional work around extreme cold and heat, vibration, fumes, gases, and other pulmonary irritants.  (R. 21.)  At Step Four, the ALJ determined Plaintiff was unable to perform her past relevant work.  (R. 30.)  At Step Five, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff can perform, given her age, education, work experience, and RFC.  (R. 31.)  In light of these findings, the ALJ found Plaintiff was not disabled under the Social Security Act.  (R. 32.)

## II.    Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*,

---

[3]    The ALJ also found Plaintiff has several non-severe impairments, none of which are relevant here.

870 F.3d 712, 717 (7th Cir. 2017). A court's scope of review in these cases is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation and signals omitted). The Court reviews the ALJ's decision directly, but plays an "extremely limited" role in that the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted).

## III.    Discussion

This Court remands because the ALJ failed to consider and articulate the medical opinions and prior administrative medical findings in this case.  For claims filed after March 27, 2017, the old "treating physician rule"[4] has been replaced by 20 C.F.R. § 404.1520c. Treating physicians' opinions are no longer entitled to presumptive controlling weight; the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Now, the Commissioner does not "articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your record;" instead, the ALJ "will articulate how [the ALJ] considered the medical

---

[4]    20 C.F.R. § 404.1527.

opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in" the regulation. 20 C.F.R. § 404.1520c(b)(1). Consistency and supportability "are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be," and, "[t]herefore we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ may consider the other factors (*e.g.*, the treating relationship or the provider's specialty), but is not required to do so. *Id.*

Plaintiff's primary care physician, Dr. Okai, issued a physical assessment form on October 16, 2019. (R. 813-816). Dr. Okai opined that Plaintiff would be off task 25 percent of the time and would miss two or three days per month. (*Id.*) He also wrote that Plaintiff could sit for 20 minutes at a time, stand for 15 minutes at a time, stand or walk for less than two hours in an eight-hour workday, and could lift less than 10 pounds. (*Id.*) Dr. Okai also found that Plaintiff would need several postural accommodations and limitations, none of which are particularly relevant here. (*Id.*) The entirety of the ALJ's analysis of Dr. Okai's opinion is as follows:

> The opinions of Dr. Solomon Okai M.D. on October 16, 2019 given in a form would be work preclusive. This opinions is not supported by the overall record, including his own treatment notes, which reflect unremarkable examinations. It is therefore not persuasive.

(R. 30.)

Ideally, the ALJ would have done a more thorough job specifically citing which treatment notes contradict the fairly severe limitations Dr. Okai recommended in his physical assessment form. However, the Court does not review for ideal analysis, only adequate analysis, and the Court finds that the ALJ provided sufficient analysis here. The pages preceding the discussion of Dr. Okai's opinion consisted of an extremely thorough recitation of the medical record, including the many

times Dr. Okai (and most of Plaintiff's other treaters) noted that Plaintiff had unremarkable examinations and mild symptoms. (R. 25-28.) The Court can review this length recitation of facts and easily understand how the ALJ found that Dr. Okai's opinions were not consistent or supportable with the record, particularly in light of the ALJ's specific reference to Dr. Okai's treatment notes. It is not necessary to make the ALJ provide redundant analysis to meet the standards outlined in the Social Security Regulations.

However, the ALJ's discussion of the State Agency's medical consultants' opinions does not meet the relevant standards. Regarding those opinions, the ALJ only wrote: "the opinions of the State Agency medical consultants limiting the claimant to light to sedentary (sic) remains persuasive. Nothing in the hearing level supports any additional limitations." (R. 30.) The ALJ did not mention how or why those opinions were consistent with the record or supportable as required by the regulations. More importantly, unlike Dr. Okai's opinion, the Court is left in the dark about what those medical consultants found outside of the vague reference of limiting Plaintiff to "light to sedentary." There is no discussion at all of the medical consultants or their findings in the portion of the opinion describing Plaintiff's medical history. The ALJ's opinion does not explain what postural or environmental limitations the medical consultants' found, nor if the exertional limitations were for sedentary work or light work. Certainly, the Court has that information in the administrative record, but even after reviewing the relevant documents the Court is still unclear on why the ALJ found these opinions persuasive without a more robust explanation from the ALJ.[5] The ALJ in this case was an excellent historian who did a good job reciting the records, but she should have included the medical consultants' findings in that history and was required to articulate how she reached her conclusions based on the medical history in this case. On remand, the ALJ

---

[5]   The Defendant's brief does an admirable job of explaining how the ALJ's reliance on the medical consultants' opinions might be based on substantial evidence, but it is the ALJ's job to do that in the first instance. It cannot be accomplished *post hoc* through the Commissioner's brief.

should explain, in full, what findings the medical consultants made, whether those findings are supportable, and whether those findings are consistent with the record. The ALJ failed to do so and, thus, the case must be remanded.

**IV.   Conclusion**

As detailed above, Plaintiff's motion for summary judgment (Dkt. 12) is granted and Defendant's motion for summary judgment (Dkt. 17) is denied.

**ENTERED:**  02/03/2023

Susan E. Cox,
United States Magistrate Judge